U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 2 3 2009

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| DANIEL PATRICK DAY, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:09-CV-196-Y |
| RICK THALER,  Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Daniel Patrick Day, TDCJ-ID #1336296, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In 2004 Day was charged with five counts of possession of child pornography in Tarrant

County, Texas. (Clerk's R. at 2) A jury found Day guilty of all counts, Day pled true to a prior felony conviction, and the jury assessed his punishment at twenty years' confinement and a $2000 fine on each count, the sentences to run concurrently. (*Id.* at 118) The Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Day's petition for discretionary review. *Day v. Texas*, No. 2-06-005-CR, slip op. (Tex. App.–Fort Worth May 17, 2007) (not designated for publication); *Day v. Texas*, PDR No. 903-07. Day also filed a state application for habeas corpus relief, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte Day*, State Habeas Appl. No. WR-70,360-02, at cover. This federal petition followed.

The state's evidence reflected that Day took a number of photographs with his camera of his fourteen-year-old daughter S.D. unclothed in various poses, as instructed by Day, exposing her breasts and genitals. In one photograph, Day's left hand is depicted touching S.D.'s genitals. Day then downloaded or copied the photographs to two computers in a file or subdirectory designated as "Dad's quadruple X." (Reporter's R., vol. 4, at 20-195) For the defense, several witnesses testified to S.D.'s untruthfulness and bad reputation in the community. (*Id.* at 203-54)

### D. ISSUES

Day claims that (1) there was insufficient evidence that he knowingly and intentionally possessed child pornography, (2) he received ineffective assistance of trial counsel, and (3) the state habeas court did not enforce the time constraints within article 11.07 of the Texas Code of Criminal Procedure.

### E. RULE 5 STATEMENT

Thaler believes that Day has sufficiently exhausted his state remedies as to his claims, except

for claim (3).  (Resp's Answer at 5)

## F. DISCUSSION

### *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  28 U.S.C. § 2254(e)(1).  Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.  The applicant has the burden of

3

rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5ᵗʰ Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

*1. Sufficiency of the Evidence*

Day claims there was insufficient evidence that he knowingly and intentionally possessed child pornography. Day raised the claim for the first time in his state habeas application. The state habeas court rejected the claim, finding that Day's challenge to the sufficiency of the evidence was not cognizable on collateral review. (State Habeas R. at 85-86)  It has long been the law in Texas that challenges to the sufficiency of the evidence are not cognizable on postconviction habeas review. *See Ex parte Grigsby,* 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Ex parte McLain,* 869 S.W.2d 349, 350 (Tex. Crim. App. 1988); *Ex parte Christian,* 760 S.W.2d 659, 660 (Tex. Crim. App. 1988); *Ex parte Williams,* 703 S.W.2d 674, 677 (Tex. Crim. App. 1986); *Ex parte Easter,* 615 S.W.2d 719, 721 (Tex. Crim. App.), *cert. denied,* 454 U.S. 943 (1981).  This procedural default in state court is an adequate state procedural ground barring federal habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801- 07 (1991); *West v. Johnson,* 92 F.3d 1385, 1398 n.18 (5ᵗʰ Cir. 1996), *cert. denied,* 520 U.S. 1242 (1997).  Absent a showing of cause and prejudice or a miscarriage of justice, Day's claim is procedurally barred from this court's review. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Finley v. Johnson*, 243 F.3d 215, 219-20 (5ᵗʰ Cir. 2001).  No such showing has been demonstrated.

## 2. Ineffective Assistance of Counsel

Day claims his trial counsel was ineffective by failing to adequately prepare for trial, to seek out and interview possible expert and other defense witnesses, and to have a viable trial strategy. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient by falling below an objective standard of reasonableness, and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 689-94 (1984). Under the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 69.

The state habeas judge, who also presided over Day's trial, conducted a hearing by affidavit and entered findings of fact refuting Day's allegations. Based on those findings, the state court concluded that counsel had functioned as counsel guaranteed by the Sixth Amendment and that, given the evidence at trial, Day had not shown a reasonable probability that, but for counsel's alleged acts or omissions, the result of his trial would have been different. (State Habeas R. at 75-96) Based on those findings, the Texas Court of Criminal Appeals also denied relief. Day has wholly failed to rebut the presumptive correctness of the state court's factual findings, which are supported by the record. Thus, applying the appropriate deference to the factual determinations, the state courts' decision denying Day's ineffective assistance claims is not contrary to or involve an unreasonable application of *Strickland.*

## 3. State Habeas Proceedings

Day claims the state habeas court violated his due process rights by failing to enforce time

constraints contained within article 11.07. Infirmities in state habeas proceedings do not constitute grounds for federal habeas relief. *See Duff-Smith v. Collins,* 973 F.2d 1175, 1182 (5th Cir. 1992).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that Day's petition for writ of habeas corpus be denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 14, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 14, 2009, to

serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 23, 2009.

CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

7